IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PAULA W. GORDON,

        Plaintiff,

v.                              Civil Action No. 5:06CV101
                                        (STAMP)
MICHAEL J. ASTRUE,[1]
Commissioner of
Social Security,

        Defendant.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  <u>Procedural History</u>

The plaintiff, Paula W. Gordon, filed an application in April 2004[2] for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles XVI and II, respectively, of the Social Security Act, 42 U.S.C. §§ 1381-1383f, 401-433.  In the application, the plaintiff alleged disability since September

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is automatically substituted as the defendant in this action.

[2]The exact date on which the plaintiff filed her application is unclear.  According to some pleadings, the plaintiff filed her application on April 3, 2004.  However, the application form bearing the plaintiff's signature is dated April 12, 2004, and the decision by the Administrative Law Judge, and the Social Security Disability Determination and Transmittal forms indicate that the claim was filed on April 21, 2004.

25, 2001,[3] resulting from recurrent bilateral Achilles tendon ruptures, post traumatic stress disorder, obesity, mood disorder, pain disorder, and personality disorder.

The state agency denied the plaintiff's application initially and on reconsideration. Administrative Law Judge ("ALJ") Norma Cannon issued an unfavorable decision to the plaintiff on February 27, 2006.

The Appeals Council denied the plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. Thereafter, the plaintiff filed the present action pursuant to 42 U.S.C. § 405(g) seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security.

The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties filed cross motions for summary judgment. Magistrate Judge Seibert considered the plaintiff's and the defendant's motions for summary judgment and submitted a report and recommendation. In his report, the magistrate judge recommended that the defendant's motion for summary judgment be granted and the plaintiff's motion for summary judgment be denied.

---

[3]The plaintiff filed a prior application for supplemental security income benefits and disability insurance benefits on January 9, 2003. The applications were denied initially on March 6, 2003 and upon reconsideration on April 25, 2003. The plaintiff sought no further appeal of those decisions.

In his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. To date, no objections have been filed.

## II.  <u>Standard of Review</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a <u>de novo</u> review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to <u>de novo</u> review is waived. <u>See</u> <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Because no objections have been filed, this Court reviews the report and recommendation of the magistrate judge for clear error.

The Federal Rules of Civil Procedure provide that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of

any genuine issues of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). In reviewing the supported underlying facts, a court must view all inferences in the light most favorable to the party opposing the motion. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986).

## III. <u>Discussion</u>

A. <u>Summary Judgment</u>

In her motion for summary judgment, the plaintiff raises two issues. She argues that: (1) the ALJ erred by concluding that the plaintiff's Achilles heel impairment did not meet the criteria of Listing 1.03; and (2) the ALJ improperly discredited the plaintiff's subjective symptoms of pain and posed a faulty hypothetical example to the Vocational Expert ("VE"). The Commissioner contends that the plaintiff's arguments are without merit.

An ALJ's findings will be upheld if supported by substantial evidence. <u>See</u> <u>Milburn Colliery Co. v. Hicks</u>, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" <u>Hays v.</u>

<u>Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting <u>Richardson v.</u>
<u>Perales</u>, 402 U.S. 389, 401 (1971)). Further, the "'possibility of
drawing two inconsistent conclusions from the evidence does not
prevent an administrative agency's findings from being supported by
substantial evidence.'" <u>Sec'y of Labor v. Mutual Mining, Inc.</u>, 80
F.3d 110, 113 (4th Cir. 1996)(quoting <u>Consolo v. Fed. Mar. Comm'n</u>,
383 U.S. 607, 620 (1966)).

Following review of Magistrate Judge Seibert's unopposed
report and recommendation, the parties' motions for summary
judgment, and the extensive record in this case, this Court agrees
that substantial evidence supports ALJ Cannon's decision that the
plaintiff was not disabled through the date of her decision.
Accordingly, this Court finds no clear error in the recommendation
of the magistrate judge and concludes that the report and
recommendation should be affirmed and adopted in its entirety, that
the plaintiff's motion for summary judgment should be denied, and
that the defendant's motion for summary judgment should be granted.

B.   <u>The Plaintiff's Motion to Remand for Consideration of New</u>
<u>Evidence</u>

The plaintiff contends that, in the event this Court denies
her motion for summary judgment, her case should be remanded for
consideration of newly presented evidence, which she filed on July
12, 2007. Pursuant to Local Rule of General Procedure 83.12.(d),
which governs the practice and procedure for social security

appeals, a case submitted for appeal "shall be deemed submitted as of the date on which the defendant's reply brief is filed[.]" L.R. Gen. P. 83.12(d). In this case, the defendant filed its reply brief on June 12, 2007. Accordingly, the plaintiff's new evidence was filed after the case was submitted and is therefore barred as untimely filed.

However, even if the new evidence were not barred as untimely, the magistrate judge found that the new evidence is not material to the ALJ's decision and, consequently, does not warrant a remand. The plaintiff seeks to present as new evidence three medical reports, all dated March 2007. These reports offer further information about the plaintiff's medical conditions, including the plaintiff's possible diagnosis of inflammatory disease, her history of pain, and her possible diagnosis of lupus. The magistrate judge found that the information contained the first report is immaterial to the period of the plaintiff's disability, and that the report fails to discuss how inflammatory disease impeded the plaintiff's ability to walk or work. Similarly, the magistrate judge found that the information contained in the second report implicitly confirms the ALJ's determination of the plaintiff's ability to work. Finally, the magistrate judge determined that the last report is not relevant to the alleged period of disability and fails to describe how a diagnosis of lupus affects the plaintiff's pain or limitations.

This Court agrees that the new evidence the plaintiff seeks to present would not have changed the outcome of the hearing. Accordingly, this Court finds no clear error in the recommendation of the magistrate judge and concludes that the plaintiff's motion to remand the case for consideration of newly presented evidence should be denied.

## IV. Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, it is ORDERED that the defendant's motion for summary judgment be GRANTED, that the plaintiff's motion for summary judgment be DENIED, and that the plaintiff's motion to remand be DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     March 26, 2008


                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE